ORIGINAL

From:Mr. Kevin Williams,
aka-Kirby Stewart. No#.EF-1167
c/o.SCI-Forest,P.O.Box 945
Marienville, Pa 16239

# CV 17-5138

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

===========================================================================

KEVIN WILLIAMS
Plaintiff

MATSUMOTO, J.
SCANLON, M.J.

V.

Gov. George Pataki, in his former official capacity, for Injunctive Relief
Martin Schneier, in his official capacity, for Injunctive Relief
Gov. Thomas J. Ridge, in his former official capacity, for Injunctive Relief
Joseph C. Madenspacher, in his former individual capacity, for Relief
Nancy Jimenez, in her former official capacity, for Monetary Relief
Defendant(s)

===========================================================================

### 42 U. S. C. S. §1985 COMPLAINT

This is a 42 U. S. C. S. §1985 Conspiracy Complaint, between Joseph C.
Madenspacher, Martin Schneier, being filed in addition to a 42 U. S. C. §1983,
between all other Defendant(s). For the lack of Official Responsibilies and
Injunctive and Monetary Relief, that is the result of Unlawful Extradition,
resulting to Illegal Prosecution and Imprisonment; Due to lack of conformation
as to the credentials of requesting jurisdiction supporting officials elected
authorization.

### I. PARTIES

Kevin Williams, Pro Se Plaintiff, was giving the name "Kirby Stewart," by
the Lancaster County, Pennsylvania, Police Officer Thomas A. Kiss; the
Plaintiff Williams, is housed at State Correctional Institutional, within the
Pennsylvania Department of Corrections. With a address of- SCI-Forest, P.O.
Box 945, Marienville, Pa 16239, with a state No#.EF-1167:



-1-

Martin Schneier, is the judge who presided over the Extradition Hearing. With an address of- Brooklyn Supreme Court. 360 Adams Street. Brooklyn, New York 11201, Part-41:

Gov. George Pataki, in his former official capacity, was the governor of the Great State of New York, with a address of- Governor's Office of the State of New York. Executive Chamber. Albany, New York 12224:

Gov. Thomas J. Ridge, in his former official capacity, was the governor of the Commonwealth State of Pennsylvania, with a address of- Governor's Office of the Commonwealth State of Pennsylvania, 333 Market Street. Harrisburg, Pa 17126-0333:

Joseph C. Madenspacher, in his former individual capacity, was the District Attorney, of Lancaster County, Pennsylvania, with a address of- District Attorney Office, of Lancaster County, 50 North Duke Street. Lancaster County, Pennsylvania 17608-3480, P.O.Box 83480:

Nancy Jimenez, Senior Extradition Specialist, in her former official capacity, at the Kings County District Attorney's Office, with a address of- Kings County District Attorney's Office, Renaissance Plaza, 350 Jay Street. Brooklyn, New York 11201-2908, telephone @718-250-2453:

## II. JURISDICTION

To establish violation of §1985(3), Plaintiff must allege and subsequently prove: (1) Conspiracy; (2) for the purpose of depriving either directly or indirectly any person or class of persons of equal protection of laws, or or equal privileges and immunities under laws; and (3) act in furtherance of Conspiracy; (4) whereby person is either injured in his personal property, or deprived of right, or privilege of citizens of the United States.

-2-

### III. SUMMARY OF EVENTS

1. Paragraph(s) based on Brooklyn, New York, March 11th, 1999, date of arrest/warrant notification.

2. Plaintiff was Extradited per approval of Martin Schneier, Judge. On July 1st, 1999;

3. Plaintiff's Manranda Rights were never read in New York, or upon arrival in Pennsylvania on July 1st, 1999;

4. According to all IAD's requesting temporary custody for prosecution by Joseph C. Madenspacher, as the Commonwealth's prosecuting agent, it was later discovered that said prosecutor was not a sworn in office elected agent of the Commonwealth; at the time of Extradition request.

5. Nancy Jimenez, as the Senior Extradition Specialist, for the Kings County District Attorney Office, as the go-between extradition proceedings had knowledge of the Pennsylvania District Attorney's request not being Statutorily authentic, but nonetheless failed to inform her superior(s) for entersection.

6. Judge Schneier, signed off on Extradition papers under the assumption that the IAD forms were signed by elected officials who were sworn into office. Without investigating the credibility of their credentials.

7. Gov. Ridge and Gov. Pataki, failure to train and supervise their underlings. And themselves on Extradition matters, extradition would be improper (1) he did not commit a crime in Pennsylvania; (2) Pennsylvania lacked jurisdiction over him; (4) the application for requisition did not allege that Plaintiff committed acts in Pennsylvania that constituted a crime in New York; (5) Lancaster County prosecutor who prepared the application for requisition erroneously averred in the application that Plaintiff was physically present in Pennsylvania when the alleged offense occured.

## IV. COMPLAINT #1

#A. On 07/01/99, Defendant Martin Schneier, authorized my extadition based on the assumption that the receiving state unofficial District Attorney's request was authentic without conformation that the Defendant Joseph C. Madenspacher, was indeed an unofficial party requesting custody for prosecuting purposes, on behalf of Lawrence F. Stengel, Judge.

#B. Gov. George Pataki, authorized the Defendant Martin Schneier, by operation of law to allow the Plaintiff to be Extradited, without overseeing Martin Schneier, to ensure that the Plaintiff was being released to a sworn in elected governmental agent of the Commonwealth of Pennsylvania for prosecution.

## V. COMPLAINT #2

#C. On 04/09/99, the Defendant Joseph C. Madenspacher, went and applied for a "Application for Requisition," as a unsworn into office District Attorney. Forged his signature and falsified testimonies, in the name of the Commonwealth of Pennsylvania, to obtain custody of the Plaintiff under false pretenses to prosecute the Plaintiff for an alleged offense that the prosecuting attorney Know that the Plaintiff did not commit, and Defendant Madenspacher, did not have the authority to proceed with legal, and morally.

#D. Gov. Thomas J. Ridge, issued his warrant believing that he was obligated to do so, when in fact he had discretion under 42 Pa. C.S. §9127, to deny extradition. In the case at bar, the application for requisition and the accompanying certification both indicated that the Plaintiff committed criminal acts in Pennsylvania and subsequently fled to New York. Hence, the Gov. Ridge, of Pennsylvania did not invoke section 42 Pa. C.S. §9127; rather, Gov. Ridge, sought to extradite Plaintiff pursuant to 42 Pa. C.S. §9123. Unlike section 42 Pa. C.S. §9127, section 42 Pa. C.S. §9123, provides that "it is the Duty of the governor with respect to fugitive from justice. "

## VI. COMPLAINT #3

Nancy Jimenez, is a Senior Extradition Specialist, and Know a "person cannot be a fugitive from a state where he was not physically present with the time covered by the crime charged. Furthermore, before the governor of the demanding state could "legally" issue a requisition upon the governor of the asylum state, it is necessary that proof of the Indictment be submitted to the governor of the demanding state. Also, the Paperwork must be Inorder, before an extradition can legally happen.

#E. The Criminal Extradition Act, that was used under 42 Pa. C.S. §9123, is only the Duty of the governor with respect to fugitives from justice. 42 Pa. C.S. §9127, Extradition of persons not present in demanding state at time of commission of crime.

## VII. FACTS OF THE CASE

#F. Judge Schneier, allowed the Defendant(s) to postpone the extradition hearing from 03/11/99 until 07/01/99, so on July 1st, 1999, the Plaintiff was taking to Kings County Supreme Court, where Judge Schneier, presided over the extradition hearing. At said extradition hearing Det. Thomas A. Kise, produced an extradition warrant signed by Gov. Thomas J. Ridge, dated 5/5/99, See-Governor's Requisition, said warrant was drafted by Joseph C. Madenapacher.

(a). That said person stands charged as appears by annexed Certified copy of (check appropriate line(s) and supply the necessary information).
X Complaint.
X Affidavit of Probable Cause.
X Warrant.
_ Criminal Information.
_ Indictment.
With the crime(s) of Criminal Homicide.
Committed in the County of Lancaster, Commonwealth of Pennsylvania, on or about the 18th, day of January 1999.

(e). That any delay which may have occurred in the prosecution of said offense or in the application for requisition was unavoidable for the following reason(s): <u>Defendant Fled Jurisdiction</u>;

#G. During the extradition hearing, the judge was motioning Attorney Rodney Powis, to "Object" to the Plaintiff's attorney's questioning. Judge Schneier's conduct is questionable; because Judge Schneier, said he's only going into the first two pages of the extradition warrant. The governor's assistant signed the application for requisition, and the Gov. Ridge, did not investigate if the application for requisition was in order.

#H. Judge Schneier, states "the Court is a Court of justice and the Court wants to make sure that justice is done and, therefore, the Court will rule or make on its own proper proceedings. The Court is limiting it so we know exactly what we're doing."

#I. The judge, goes further to state "And then the governor of New York, likewise, honored those papers and signed the various documents and the Court is not going to go beyond it over the very strenuous objection of defense counsel."

#J. Mr. Powis, the people Reply on the governor's warrant of the Commonwealth of Pennsylvania, and the State of New York, Powis, goes further to state that the Plaintiff cleared up any issue of identity, by taking the stand in his own defense.

#K. Powis, states Kevin Williams, is the individual named in both governor's warrants;

#L. Schneier Judge, determines that the extradition documents on their face are in order. The Court determines that the person before the Court is the person charged with the crime in the demanding state. Next before the Court, is a fugitive- according to Gov. Pataki, the person is a fugitive .

-6-

The Court, also finds the Defendant not credible, as a matter of law; therefore, the Court Orders the warrant -- Orders the Defendant be extradited back to Pennsylvania- forthwith.

## VIII. COMPLAINT #4

#M. The Defendant(s) the Commonwealth of Pennsylvania, charged the Plaintiff with a general charge of murder under 18 Pa. C.S. §2501; the Defendant(s) never Formally Arraigned the Plaintiff. The Defendant(s) found the Plaintiff guilty of First Degree Murder- under 18 Pa. C.S. §2502a, after filing over a dozen appeals, the so-called appellent court's sides with the lower courts. During the appeals process- the Plaintiff has discovered that the Defendant(s) charged the Plaintiff with first degree° murder- without even filing for a "Notice of Aggravating Circumstances," the only way the Commonwealth of Pennsylvania can sentence a person to Death or Life Imprisonment, is in a capital case. D.A. Medenspacher, never filed a "Notice of Aggravating Circumstances" this notice has to be filed with the Attorney General of the State of Pennsylvania, D. Michael Fisher, but the Plaintiff is incarcerated on a defective fugitive warrant, and a defective governor's warrant, and a defective sentence, and still cannot get no relief from any State Court, Appellant Court, or Federal Court.

#N. The Defendant(s) actions deprived the Plaintiff of §9131 Rights of Accused Person, which is to be able to test the legality of his arrest. Under the Agreement on Detainer's, §9101, Article-IV(c), the Defendant(s) were suppose to commence a trial of the crimes charged within a 120-days, the Defendant(s) did not commence trial until 365-days later. A violation of the rules.

#O. Governor may recall warrant or issue another: The governor may recall his warrant of arrest or may issue another warrant whenever he deems proper.

8P. Under §9142, the governor can recall warrant or issue another, and after receiving notice from the governor's office of the State of New York, stating "that there is no paperwork with "Gov. George Pataki's signature," see-Plaintiff's [Ex. 81,]. So the Plaintiff wrote to Judge Schneier, asking for his help in this matter, being that he was the one who did not find the Plaintiff credible; see-Plaintiff's [Ex. 82,]. And the Plaintiff wrote to "Gov. Andrew Cuomo, requesting him to Rescind his warrant, see-Plaintiff's [Ex. 83,]." Also, see-Extradition Requisition [Ex. 84,]. Where the Defendant(s) suppressed the evidence of the case. By stating that the Plaintiff fled, it was set in stone that the Plaintiff was a fugitive, when the Plaintiff was never here when the crime happened.

8Q. In Pennsylvania Superior Court, "Cmwlth v. Livengood, 901 A.2d 596 (Pa. Super. 2006)."

GOVERNOR'S EXTRADITION WARRANT WAS NOT ISSUED IN ACCORDANCE WITH UNIFORM CRIMINAL EXTRADITION ACT, AND THUS, WARRANT WAS INVALID AND DEFENDANT WAS ENTITLED TO HABEAS CORPUS RELIEF; ALTHOUGH CHARGE OF STALKING WAS BASED ON DEFENDANT'S CONDUCT IN PLACING TELEPHONE CALLS FROM PENNSYLVANIA INTO WEST VIRGINIA, APPLICATION FOR REQUISITION DRAFTED BY WEST VIRGINIA PROSECUTOR INCORRECTLY PROVIDED THAT DEFENDANT WAS FUGITIVE FROM JUSTICE OF WEST VIRGINIA AND HAD TAKEN REFUGE IN PENNSYLVANIA, AND GOVERNOR OF PENNSYLVANIA ISSUED EXTRADITION WARRANT UNDER MISTAKING BELIEF THAT HE HAD NONDISCRETIONARY DUTY TO DELIVER DEFENDANT TO WEST VIRGINIA BECAUSE DEFENDANT WAS FUGITIVE FROM THE STATE. 42 Pa. C.S.A. §§9123, and §9721-Sentencing Generally: (4) Total Confinement, without any Statutory Authorization to confine the Plaintiff; the Defendant(s) Kidnapped the Plaintiff by duping Gov. Pataki, and Judge Schneier, into believing the Plaintiff fled, from where the Plaintiff never was at. Under 42 Pa. C.S. §9720.2, Trafficking in persons: Violating 18 Pa. C.S. §3002, (relating to trafficking of persons). Violating 18 Pa. S. §2901,

(related to kidnapping);

#R. Gov. Thomas J. Ridge's, failure to train and supervise the attorney general, and the attorney ~~general~~ general's failure to train and supervise the district attorney of Lancaster County, which lead the district attorney to participate in Conspiracy. By the district attorney going into a court of law, stating under oath, that the Plaintiff committed the crime of criminal homicide; and fled the Commonwealth State of Pennsylvania, to take refuge in the State of New York, was a blatant lie. And "D.A. Madenspacher," knew it to be a false state on its face.

#S. Gov. George Pataki's, failure to train and supervise the attorney general, and the attorney general's failure to train and supervise the Kings County district attorney's office extradition section about "defective warrants," and/or to watch for paperwork that is not in proper order. Nancy Jimenez, knew as a specialist that the paperwork was not in order, because there was no Criminal Information, or Indictment; making the the "Application for Requisition" ambiguous- and Nancy Jimenez, was suppose to also call the governor's office of Pennsylvania, because the governor did not sign the "Application for Requisition" an [A]ssistant, to the governor literally signed the paperwork. Ms. Jimenez, is a specialist and supposed to be more skilled in her titled position as the "extradition specialist" in her office, Ms. Jimenez's action exhibited "Gross Negligence" which makes her liable for the §1983, portion of this §1985 Complaint.

### IX. A PRAYER FOR RELIEF

1. Compel the governor of the Commonwealth State of Pennsylvania, that the Application for Requisition was issued illegally, and has to be Rescind.

2. Compel the governor of the State of New York, that the Interstate Agreement on Detainer's was falsely issued as has to be Rescind.

3. Dismiss the extradition with prejudice and Dismiss the conviction

with extreme prejudice, because the Plaintiff did not commit the crime of Criminal Homicide, within the Commonwealth State of Pennsylvania. Ab Initio, D.A. Madenepecher, entered into this matter with unclean hands. By fabricating on application for requisition, and he furthered the conspiracy by lying to the governor and/or assistant.

4. Compel Judge Schneier, to rescind his Order, to extradite with prejudice.

5. Ms. Jimenez's gross negligence, is the reason the Plaintiff has spent the last 18½-years incarcerated for a crime that he did not commit. And Ms. Jimenez, is the only Defendant that is not protected by judicial immunity; and for that reason the Plaintiff request the sum of $1,000,000.00million dollars. Due to the Defendant(s) gross negligence, the Plaintiff has "lost" everything-for material possessions, to immediate family members, and $1,000,000.00million dollars will not bring them back, or get the Plaintiff back the time lost with his kids, or bring back his deceased wife of 13-years;

6. ORDER, an evidentiary hearing and have the Commonwealth State of Pennsylvania, produce the Plaintiff and bring the Commonwealth's witnesses who told the Commonwealth that the Plaintiff was not here when alleged crime happened.

7. The Plaintiff, also prays that the Defendant(s) pay the filing fee of $350.00dollars, and the service of the Complaint to all of the Defendant(s).

## X. CONCLUSION

1. The Plaintiff did not commit the crime, and the extredition should be dismissed with prejudice as a matter of law; and after the governor Rescind on the extradition, the Plaintiff will be returned back to the State of New York.

## CERTIFICATE OF SERVICE

I, Kevin Williams Pro Se, Plaintiff- do hereby certify that I am serving a true and correct copy of the Plaintiff's §1985, §1983 Complaint, on all parties listed below. By Certified Mail, on this 23rd, day of August 2017.

To:Clerk of U.S. District CourtHouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Plaintiff is providing the Court with 285-form for the U.S. Marshal's to serve all of the Defendant(s) listed on the cover page of this Complaint.

Dated:August 23, 2017

CC:Pa. A.G.O.,

Respectfully Submitted,

Kevin Williams Jr.

From:Mr. Kevin Williams,
aka-Kirby Stewart. No#.EF-1167
c/o.SCI-Forest,P.O.Box 945
Marienville, Pa 16239

August 23, 2017

Re:Filing §1985,§1983 Complaint,


To:Clerk of U.S. District CourtHouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


Dear Sir/Ma'am;
         I'm writing to you to file a §1985, §1983 Complaint, so please
see enclosed. Also, I'm sending the Court (5) 285-U.S. Marshal forms, one for
each Defendant. And I'm providing the Court with exhibits, letter to Gov.
Cuomo, letter to Judge Schneier, (2) letters to Gov. Wolf, extradition papers,
extradition hearing transcripts; also a copy of the Plaintiff's financial
status/ In Forma Pauperis.

     I'm also serving a copy of the Complaint on the Attorney General for the
Commonwealth of Pennsylvania. And a second copy of the Complaint with a
S.A.S.E; Please time, date stamp said copy and return it back to the
Plaintiff. Please feel free to contact me at your earliest convenience.
Thanking you in advance for your kind assistance in this matter.




CC:Pa. A.G.O.,

                                        Sincerely Yours,

                                        Kevin Williams

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF KEVIN WILLIAMS, AKA-KIRBY STEWART | COURT CASE NUMBER |
|---|---|
| DEFENDANT Former Governor- Thomas J. Ridge. | TYPE OF PROCESS Civil Action. |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | Former Governor- Thomas J. Ridge, of the Cmwlth State of Pennsylvania |
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| | 508 Main Capital Building. Harrisburg, Pa 17120 |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Kirby Stewart. No#.EF-1167 c/o.SCI-Forest,P.O.Box 945 Marienville, Pa 16239 | Number of process to be served with this Form 285 | 5 |
| | Number of parties to be served in this case | 5 |
| | Check for service on U.S.A. | X |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):

Fold

Tom Wolf, is currently the governor of Pa, 508 Main Capital Building. Harrisburg, Pa 17120 and 333 Market Street. Harrisburg, Pa 17126-0333

Fold

| Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE 8/23/17. |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (*Sign only for USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | | Date |
|---|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (*See remarks below*)

| Name and title of individual served (*if not shown above*) | | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|---|
| Address (*complete only different than shown above*) | | Date | Time ☐ am ☐ pm |
| | | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges including *endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

| DISTRIBUTE TO: | 1. CLERK OF THE COURT 2. USMS RECORD 3. NOTICE OF SERVICE 4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal. 5. ACKNOWLEDGMENT OF RECEIPT | PRIOR EDITIONS MAY BE USED |
|---|---|---|
| | | Form USM-285 Rev. 11/13 |

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF KEVIN WILLIAMS, AKA-KIRBY STEWART | COURT CASE NUMBER |
|---|---|
| DEFENDANT Former District Attorney- Joseph C. Madenspacher. | TYPE OF PROCESS Civil Action. |

| SERVE AT { | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN Former District Attorney- Joseph C. Madenspacher, Lancaster County |
|---|---|
| | ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)* 50 North Duke Street. P.O.Box 83480, Lancaster, Pa 17608-3480 |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| ⌐ Kirby Stewart. No#.EF-1167 c/o.SCI-Forest, P.O.Box 945 Marienville, Pa 16239 ⌐ | Number of process to be served with this Form 285 | 5 |
| | Number of parties to be served in this case | 5 |
| | Check for service on U.S.A. | X |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                                                              Fold

Joseph C. Madenspacher- is the former district attorney, Craig W. Stedman, is currently the district attorney,
   Lancaster County, District Attorney Office
   50 North Duke Street, P.O.Box 83480
   Lancaster, Pa 17608-3480

| Signature of Attorney other Originator requesting service on behalf of: *(signature)* | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE 8/23/17. |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode | | |
|---|---|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) $0.00 |
|---|---|---|---|---|---|
| | | | | | |

REMARKS:

DISTRIBUTE TO: 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,
   if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF  KEVIN WILLIAMS, AKA-KIRBY STEWART | COURT CASE NUMBER |
|---|---|
| DEFENDANT  Former Governor- George Pataki | TYPE OF PROCESS  Civil Action. |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN  Former Governor- George Pataki, of the State of New York |
|---|---|
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)  State of New York, Executive Chamber, Albany, New York 12224 |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Kirby Stewart. No#.EF-1167  c/o.SCI-Forest,P.O.Box 945  Marienville, Pa 16239 | Number of process to be served with this Form 285 | 5 |
| | Number of parties to be served in this case | 5 |
| | Check for service on U.S.A. | X |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):

Fold — Andrew Cuomo, is currently the governor of the State of New York — Fold
State of New York, Executive Chamber, Albany, New York 12224

| Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE  8/23/17. |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY– DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (*Sign only for USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin  No. | District to Serve  No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (*See remarks below*)

| Name and title of individual served (*if not shown above*) | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|

| Address (*complete only different than shown above*) | Date | Time | ☐ am ☐ pm |
|---|---|---|---|
| | | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges including *endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund^)  $0.00 |
|---|---|---|---|---|---|

REMARKS:

| DISTRIBUTE TO: 1. CLERK OF THE COURT  2. USMS RECORD  3. NOTICE OF SERVICE  4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.  5. ACKNOWLEDGMENT OF RECEIPT | PRIOR EDITIONS MAY BE USED  Form USM-285  Rev. 11/13 |
|---|---|

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF    KEVIN WILLIAMS, AKA-KIRBY STEWART | COURT CASE NUMBER |
|---|---|
| DEFENDANT   Martin Schneier, Judge. | TYPE OF PROCESS   Civil Action. |

SERVE AT { NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Martin Schneier, Judge- Kings County Supreme Court
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
360 Adams Street. Brooklyn, New York 11201, Part-41.

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Kirby Stewart. No#.EF-1167<br>c/o.SCI-Forest,P.O.Box 945<br>Marienville, Pa 16239 | Number of process to be served with this Form 285 | 5 |
| | Number of parties to be served in this case | 5 |
| | Check for service on U.S.A. | X |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                          Fold
Martin Schneier, Judge-
Its two addresses to the Supreme Court: Supreme Court of the State of New York, Civic Center, Brooklyn, New York 11201.
And- Supreme Court of the State of New York, Criminal Term, 320 Jay Street. Brooklyn, New York 11201.

| Signature of Attorney other Originator requesting service on behalf of:  *Kevin Williams* | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE   8/23/17. |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY– DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin    No. | District to Serve    No. | Signature of Authorized USMS Deputy or Clerk | | Date |
|---|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode | |
|---|---|---|---|
| Address *(complete only different than shown above)* | | Date | Time    ☐ am  ☐ pm |
| | | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

DISTRIBUTE TO: 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF  KEVIN WILLIAMS, AKA-KIRBY STEWART | COURT CASE NUMBER |
|---|---|
| DEFENDANT  Nancy Jimenez, former extradition specialist. | TYPE OF PROCESS  Civil Action. |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN  Former Extradition Specialist- Nancy Jimenez, Kings County D.A. |
|---|---|
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)  D.A. Office, Renaissance Plaza, 350 Jay St. Brooklyn, NY 11201-2908. |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Kirby Stewart. No#.EF-1167  c/o.SCI-Forest,P.O.Box 945  Mareinville, Pa 16239 | Number of process to be served with this Form 285 | 5 |
| | Number of parties to be served in this case | 5 |
| | Check for service on U.S.A. | X |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses,* *All Telephone Numbers, and Estimated Times Available for Service*):

Fold  Nancy Jimenez, was/or still is Extradition Specialist, for the Kings County Fold District Attorney's Office. At Kings County District Attorney's Office. at Renaissance Plaza, 350 Jay Street. Brooklyn, New York 11201-2908 Telephone #718-250-2453

| Signature of Attorney other Originator requesting service on behalf of:  *Kevin Williams* | ☒ PLAINTIFF  ☐ DEFENDANT | TELEPHONE NUMBER | DATE  8/23/17. |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin  No. | District to Serve  No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served (*if not shown above*) | | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|---|
| Address (*complete only different than shown above*) | | Date | Time | ☐ am  ☐ pm |
| | | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)  $0.00 |
|---|---|---|---|---|---|

REMARKS:

DISTRIBUTE TO:   1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,
   if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS:    CRIMINAL  TRIAL  TERM :  PART   41

- - - - - - - - - - - - - - - - - - - - X

THE PEOPLE OF THE STATE OF NEW YORK        :  Indictment
                                              No. 99K018533
          - against -                      :

KEVIN WILLIAMS                             :

- - - - - - - - - - - - - - - - - - - - X

                              July 1, 1999
                              360 Adams Street
                              Brooklyn, New York

B E F O R E:

              THE HONORABLE MARTIN SCHNEIER,

                      J U S T I C E .

A P P E A R A N C E S :

          CHARLES J. HYNES, ESQ.
              District Attorney, Kings County
              BY:  RODNEY POWIS, ESQ.
              Assistant District Attorney

          SAMUEL KARLINER, ESQ.
              26 Court Street
              Brooklyn, New York 11242
              Attorney for Defendant

                              Maria E. Gordon, R.P.R.
                              Official Court Reporter
          MEG

---

                                                    2

          THE CLERK:  Number one on the miscellaneous

motion calendar, Docket Number 99K018533, Kevin Williams.

The defendant is present with his attorney.

          Counsels, would you please state your

appearances for the record?

          MS. LAGUERRE-BROWN:  ADA Carol Anne

Laguerre-Brown.  L-A-G-U-E-R-R-E hyphen Brown.

          MR. KARLINER:  Samuel Karliner, 26 Court

Street, Brooklyn, New York; for the defendant.

          (Pause.)

          MR. KARLINER:  Ready to proceed.

          THE CLERK:  Will the defendant please rise?

What is your true name?

          THE DEFENDANT:  Kevin Williams.

          THE CLERK:  Do you speak and understand

English?

          THE DEFENDANT:  Yes.

          THE CLERK:  Is Mr. Karliner, who stands next to

you, your attorney?

          THE DEFENDANT:  Yes.

          THE CLERK:  Are you the person named in the

warrant?

          THE DEFENDANT:  No.

          THE CLERK:  He is not the person named in the

warrant?

                      ESP

---

          Proceedings                    3

          THE COURT:  People?

          THE CLERK:  Do you waive the reading of the

extradition papers?

          MR. KARLINER:  Yes.

          THE CLERK:  And I suppose you wish to test the

legality of the papers?

          MR. KARLINER:  Correct.

          THE COURT:  We have to have a hearing to

determine that.

          MS. LAGUERRE-BROWN:  The People are requesting

two weeks, Your Honor.

          THE COURT:  For what purpose?

          MS. LAGUERRE-BROWN:  In order to bring

witnesses.

          THE COURT:  I can't hear you?

          MS. LAGUERRE-BROWN:  In order to bring

witnesses before the Court, and to prepare --

          THE COURT:  Witnesses will come from where?

          MS. LAGUERRE-BROWN:  The Commonwealth of

Pennsylvania.

          THE COURT:  You need time to bring witnesses

from Pennsylvania?

          MS. LAGUERRE-BROWN:  Yes.

          THE COURT:  Mr. Karliner, the 25th?

          MR. KARLINER:  I am not here the week of the

                      ESP

---

          Proceedings                    4

21st.

          However, the week of the 28th I could do it on

the 28th, the 29th, the 1st, whatever day is good for

the Court. The 2nd, even. Although that's the

beginning of the 4th of July weekend.

          (Whereupon, there was an off-the-record

discussion.)

          THE COURT:  July 2nd, at 9:30 a.m.

          MS. LAGUERRE-BROWN:  I am serving on defense

counsel a copy of the governor's warrant.

          THE COURT:  Hold it.  Just a second.

          (Pause.)

          THE COURT:  Let's retract that because of the

holiday weekend. July 1st may be better. July 1, 1999.

          THE CLERK:  Part 36.  July 1st.

          MS. LAGUERRE-BROWN:  I also serve you with a

copy of the governor's warrant.

          (Handing.)

          THE COURT:  Defendant remanded to July 1st.

          (Whereupon, the case was adjourned to July 1,

1999.)

              *     *     *     *

                      ESP

## Page 5

Proceedings                    5

1   It is hereby certified that the foregoing is a
2   true and accurate transcript of the stenographic record.
3
4                    *Eric S. Pollyea*
5
6               ERIC S. POLLYEA,
7               Official Court Reporter

ESP

---

## Page 6

DET. KISS - DIRECT - PEOPLE

by interviewing numerous witnesses in this case.

2        Q   I'm sorry.  I didn't hear.
3            THE COURT:  Just a second, sir.  You came from
4   Pennsylvania to New York?
5            THE WITNESS:  Yes, sir.
6            THE COURT:  To Brooklyn, New York?
7            THE WITNESS:  Yes, sir.
8            THE COURT:  And what purpose did you come to
9   Brooklyn, New York, sir?
10           THE WITNESS:  To testify in the I.D. of a
11  wanted subject.
12           THE COURT:  What does a wanted subject mean?
13  Who's wanted?
14           THE WITNESS:  This gentleman is wanted.
15           THE COURT:  I can't hear you, sir.
16           THE WITNESS:  Kevin Williams.  I know him as
17  Kirby Stewart.
18           THE COURT:  Is wanted by the State of
19  Pennsylvania, correct?
20           THE WITNESS:  Yes.
21           THE COURT:  And is this -- you're here pursuant
22  to the Governor's requisition?
23           THE WITNESS:  Right.
24           THE COURT:  For that person?
25           THE WITNESS:  Right.

MEG

---

## Page 7

DET. KISS - CROSS - DEFENSE                    7

1            THE COURT:  Are you offering now a picture of
2   the person you're seeking?
3            THE WITNESS:  Yes, this is the guy I want.
4            THE COURT:  That's the guy you want?
5            THE WITNESS:  Yeah.
6            THE COURT:  May I see it?
7            THE WITNESS:  Yes, sir.
8            THE COURT:  That's the person you want to bring
9   back to Pennsylvania to answer the charges here?
10           THE WITNESS:  Yes, sir.
11           THE COURT:  Of?
12           THE WITNESS:  Homicide.
13           THE COURT:  Criminal homicide.  I think it's
14  criminal homicide.
15           THE WITNESS:  Criminal homicide.
16           THE COURT:  Okay.  Any other questions for this
17  witness?
18           MR. POWIS:  No, Judge, thank you.
19           THE COURT:  Cross-examination?
20  CROSS-EXAMINATION
21  BY MR. KARLINER:
22       Q   Detective, the person that you're seeking you know as
23  Kirby Stewart, correct?
24       A   The first --
25           THE COURT:  Objection sustained.  Objection

MEG

---

## Page 8

DET. KISS - CROSS - DEFENSE                    8

1   sustained.  Objection is sustained as to what the name
2   is.
3            It's irrelevant to the Court what the name is.
4   The picture of the person that you're seeking in this
5   picture; is that correct?
6            THE WITNESS:  Yes, sir.
7            THE COURT:  Okay.  No problem.
8        Q   Did you request that photograph from the State of New
9   York?
10           MR. POWIS:  Objection.
11           THE COURT:  Sustained.
12       Q   How did you get the photograph, Detective?
13           MR. POWIS:  Objection.
14           THE COURT:  Sustained.
15       Q   Detective, you testified on direct examination that
16  you interviewed witnesses in this case, correct?
17           MR. POWIS:  Objection.
18           THE COURT:  No -- Yes.
19           THE WITNESS:  Yes, I interviewed numerous
20  witnesses.
21       Q   You prepared an affidavit in this case, correct?
22           MR. POWIS:  Objection.
23           THE COURT:  Sustained.
24           MR. KARLINER:  Judge, it's in evidence.
25           THE COURT:  Objection sustained.

MEG

DET. KISS - CROSS - DEFENSE

1    MR. KARLINER:  May the witness please be shown

2    People's 1.

3         THE COURT:  Sure.

4    Q    Detective, that contains an affidavit that you

5    prepared, correct?

6    A    Yes, it does.

7    Q    In that affidavit that you prepared, you indicate you

8    were looking for a person by the name of Kirby Stewart,

9    correct?

10        THE COURT:  Objection sustained.  The Court is

11   not going on the documents.  The Court will preclude

12   counsel from going into anything beyond the first two

13   sheets, which are as follows, the Commonwealth of

14   Pennsylvania Governor's Requisition, which has a seal on

15   it, and where is it appears the next copy, etc., etc.,

16   and signed by the Governor of the State of Pennsylvania

17   on May 5th of 1999 and the governor also signed a further

18   document authorizing the apprehension of a person.

19        The Court will not go into any documents beyond

20   and precludes going into anything else even in officer's

21   affidavit, and I'm precluding him over the very strenuous

22   objection of defense counsel.

23        MR. KARLINER:  Respectfully, Judge, I'm not

24   permitted to cross-examine him about anything else within

25   those papers?

                    MEG

---

DET. KISS - CROSS - DEFENSE

1    admitted into evidence and the rest of the papers remove

2    from evidence.

3         THE COURT:  That's denied.

4         MR. KARLINER:  Judge, how can -- well, then,

5    I'm stepping back for a second in terms of the People

6    submitting that into evidence.

7         If I'm not allowed to cross-examine him about

8    it, I object.

9         THE COURT:  Overruled.

10        MR. KARLINER:  May I see People's 1?

11        THE COURT:  Sure.  The Court determines the

12   recent Court's ruling to correct -- it's clear for the

13   Appellate Division.

14        I'm making a ruling because the Court is not

15   going behind a determination by Assistant Governor of

16   the -- Governor of the State of Pennsylvania made a

17   determination that the papers were sufficient for him and,

18   therefore, the Court is only accepting his determination

19   and not going beyond his determination.

20        The Governor of Pennsylvania in his wisdom

21   determined that the papers were proper and based on those

22   papers signed the necessary papers.

23        And then the Governor of New York, likewise,

24   honored those papers and signed the various documents and

25

                    MEG

---

DET. KISS - CROSS - DEFENSE                    11

1    the Court is not going beyond it over the very strenuous

2    objection of defense counsel.

3    Q    Detective, how did you come to determine, personally,

4    yourself that the person in People's 3 is my client?

5         MR. POWIS:  Objection.

6         THE COURT:  Sustained.

7         MR. KARLINER:  Judge, he just testified that

8    he --

9         THE COURT:  Objection sustained.  No, he didn't

10   say that.

11        The witness testified that the person he's

12   seeking is the person in the photograph.

13        The Court is looking at the defendant and the

14   Court is determining as a matter of law that the person

15   standing -- sitting before the Court is the person in the

16   picture.  The Court has determined that the person that.

17        This witness is seeking we know that he is the

18   person in the photograph.  That's all we know, and the

19   Court -- and let it be known that this person has a scar

20   along the side of his face and it's obvious to the Court

21   that the person seated here is the person in the

22   photograph.  The Court is making that determination.

23   Q    Detective, People's 3 in evidence, that photograph,

24   did you show it to any witnesses?

25        MR. POWIS:  Objection.

                    MEG

---

DET. KISS - CROSS - DEFENSE                    12

1         THE COURT:  Sustained.

2         MR. KARLINER:  Judge, just for the record, I'm

3    going to indicate that every time I ask a question the

4    Court's motioning to the prosecution to make an

5    objection.  I think it's improper.  I think you've done

6    it on the last five objections that have been made.

7         It's not the purview of this Court.  This Court

8    is supposed to sit as an impartial fact finder and to

9    instruct the prosecution when to make objections, in my

10   belief, is, respectfully, improper and I'd ask that it not

11   be done anymore.

12        THE COURT:  The Court is a Court of Justice and

13   the Court wants to make sure that justice is done and,

14   therefore, the Court will rule or make on its own proper

15   proceedings.  The Court is limiting it so we know exactly

16   what we're doing.

17        The Court is completely within the statute of

18   the Uniform Criminal Extradition Act of 570.02 of the

19   Criminal Procedure Law.

20        MR. KARLINER:  Then I ask if this Court feels

21   that an objection should be made and you want a -- sui

22   sponte want to sustain one of my objections, please do so

23   from the bench but please don't insult me in my

24   professionalism by instructing the prosecutor like a

25   puppet to stand up and object

                    MEG

DET. KISS - CROSS - DEFENSE

1  believe, before I had an opportunity to stand, the Judge

2  is viewing my facial expressions and noting I'm about to

3  stand.

4          THE COURT: Let's go. Have a seat. Let's go

5  forward.

6      Q   Detective, the person named in the Governor's

7  warrant -- the Govenor's Requisition from your commonwealth,

8  did you ever make any inquiry as to whether or not that person

9  known as Kirby Stewart holds an F.B.I. number?

10     A   Under the name of Kirby Stewart?

11     Q   Correct.

12     A   Well, I found out that there are a few Kirby

13 Stewarts.

14     Q   Okay. You know what an F.B.I. number is?

15     A   Yes, I do.

16     Q   That's a number given by the F.B.I. based on

17 fingerprints, correct?

18     A   Correct.

19     Q   And do you have those numbers with you?

20         MR. POWIS: Objection as to relevance.

21         THE COURT: Sustain.

22     Q   Well, how many Kirby Stewarts did you come up with?

23     A   I found at least one other than that gentleman over

24 there.

25                      MEG

---

DET. KISS - CROSS - DEFENSE

1      A   I found one guy named Kirby Stewart and one guy with

2  an A.K.A. of Kirby Stewart.

3          MR. POWIS: Objection.

4          THE COURT: Sustained.

5      Q   Can you tell me what is the F.B.I. number for either

6  one of those two individuals?

7      A   I don't have them right now.

8          MR. POWIS: Objection. Relevance.

9          THE COURT: Sustained. Sir, when an objection

10 is made, don't say anything. Objection is sustain.

11     Q   Did you ever compare the F.B.I. numbers of either

12 Kirby Stewarts to my client Kevin Williams' F.B.I. number?

13         MR. POWIS: Objection.

14         THE COURT: Sustained.

15         MR. POWIS: Your Honor --

16         THE COURT: The objection is sustained.

17         MR. POWIS: -- may I --

18         THE COURT: Objection is sustained.

19         MR. POWIS: May I address the Court.

20         THE COURT: Yeah.

21         MR. POWIS: Your Honor, the witness has

22 indicated that the individual he's seeking for a crime

23 committed in the Commonwealth is here in that picture and

24 is both here before him. I believe this inquiry

25                      MEG

---

DET. KISS - CROSS - DEFENSE

1  should --

2          THE COURT: Well, make the proper objection,

3  sir, if you feel the request improper, sir.

4          MR. KARLINER: Judge, unless I'm mistaken, you

5  specifically just told me that this witness was not

6  permitted to say that the person in the photograph is my

7  client. Isn't that what you just told me?

8          THE COURT: I didn't say that.

9          MR. KARLINER: You most certainly did. You

10 said this witness is not being permitted to find my

11 client as the person he wants, just the person in the

12 photograph and this Court is going to make the

13 determination. So what the prosecutor just said is

14 improper and it's incorrect.

15         THE COURT: Let's go forward. Next question.

16         MR. KARLINER: Well, I need to determine what

17 the evidence is that this Court is determining.

18         THE COURT: Very simple. It's very simple.

19 The Court has before it photographs of an individual

20 being sought by the Commonwealth of Pennsylvania.

21         The Court's looking at the photographs and

22 looking at the individuals and has made a judicial

23 determination that the person in the photograph is the

24 same person before the bench.

25         MR. KARLINER: Is this witness permitted to

                        MEG

---

DET. KISS - CROSS - DEFENSE

1  identify my client? No. Did you ever meet Mr. -- the

2          THE COURT: No. Did you ever meet Mr. -- the

3  gentleman who sits before you? Did you ever meet him?

4          THE WITNESS: After he was arrested.

5          THE COURT: No, before this.

6          THE WITNESS: No.

7          THE COURT: Never in your life before the

8  arrest?

9          THE WITNESS: No.

10         THE COURT: You're sure?

11         THE WITNESS: Yes.

12     Q   In requesting the photograph as People's 3, was that

13 request under the name Kirby Stewart or Kevin Williams?

14         MR. POWIS: Objection.

15         THE COURT: Sustained.

16     Q   And did you receive that photograph before or after

17 you arrested my client?

18         MR. POWIS: Objection.

19         THE COURT: Sustained.

20     Q   Did you receive that photograph before or after you

21 swore out the affidavit dated February 18, 1999?

22         MR. POWIS: Objection.

23         THE COURT: Sustained.

24     Q   Detective, can you please tell me what information,

25 if any, that you have that my client was within the

                        MEG

18, 1999?

      MR. POWIS: Objection.

      THE COURT: Sustained.

      MR. KARLINER: Your Honor, with all due respect --

      THE COURT: Objection.

      MR. KARLINER: With all do respect, Subsection D of the Statute allows me to challenge my client's fugitive status. That is exactly what I'm seeking to do.

      I have the right to do that, Judge. If you're not permitting me to do it through this witness -- Is that the Court's ruling that I'm not permitted to do it through this witness? Is that the Court's ruling?

      THE COURT: When we stop talking, I'll talk.

      MR. KARLINER: I'm done.

      THE COURT: Sustained. The objection is sustained. Proceed. The objection is sustained.

      MR. KARLINER: One moment, Judge.

      (WHEREUPON, there is an off-the-record discussion between the Defendant and Mr. Karliner)

  Q   Detective, do you know an individual by the name of Michael Murrow?

      MR. POWIS: Objection.

      THE COURT: Sustained.

      MEG

---

Do you know an individual by the name of Regina Butler?

      MR. POWIS: Objection.

      THE COURT: Sustained.

  Q   Do you know an individual by the name of Rashee Davis (phonetic)?

      MR. POWIS: Objection.

      THE COURT: Sustained.

  Q   Detective, are you aware that witnesses in this case have given sworn testimony within the Commonwealth of Pennsylvania in relationship to this case?

      MR. POWIS: Objection.

      THE COURT: Sustained.

  Q   Are you aware that witnesses have given testimony within the State of Pennsylvania saying the allegations contained in your affidavit are not true?

      THE COURT: Objection sustained. The Court is not going beyond the first two sheets of the Pennsylvania -- of the Governor of Pennsylvania requisition.

      MR. KARLINER: I have nothing else of this witness, Judge.

      THE COURT: Step down. People rest?

      MR. POWIS: Yes, Your Honor. I'll make an argument.

      MEG

---

          WILLIAMS - DIRECT - DEFENSE   19

      THE COURT: Let's hear defense counsel first.

      MR. POWIS: People rest.

      MR. KARLINER: If I could have one moment, Judge.

      THE COURT: Take your time. If you need more than a moment, take as much time as you need.

      (WHEREUPON, there is an off-the-record discussion between the Defendant and Mr. Karliner)

      MR. KARLINER: Your Honor, at this time defense calls Kevin Williams to the stand.

      THE COURT: All right. Take the stand. Step up.

K E V I N  W I L L I A M S, called as a witness on behalf of the Defense, having first been duly sworn testified as follows:

      THE COURT: Be seated, sir. Just give your name to the court reporter.

      THE WITNESS: Kevin Williams.

      THE COURT: Proceed.

DIRECT EXAMINATION

BY MR. KARLINER:

  Q   Good afternoon, Mr. Williams.

  A   Good afternoon.

  Q   How old are you?

  A   31.

  Q   Where do you live?

      MEG

---

          WILLIAMS - DIRECT - DEFENSE   20

  A   104-40 105th Street, Ozone Park, Queens.

  Q   Have you ever used the name Kirby Stewart?

  A   No, I did not.

  Q   Do you know what an F.B.I. number is?

  A   No, I do not.

  Q   On January 7, 1999 through January 19, 1999, were you within the State of Pennsylvania?

  A   No, I was not.

  Q   What state were you in during that time period?

  A   Brooklyn, New York.

      MR. KARLINER: Nothing else, Judge.

      THE COURT: Do you have any questions, counsel?

      MR. POWIS: Yes. Your Honor, I'd like to have deemed marked for -- well, I'd actually liked to move into evidence as People's Number 4, a license --

      MR. KARLINER: Objection, Judge.

      MR. POWIS: -- from the State of New Jersey --

      MR. KARLINER: Objection, Judge.

      MR. POWIS: -- that has the name Kirby Stewart on it and the defendant's picture.

      MR. KARLINER: There's no foundation, Judge. Objection.

      THE COURT: Overruled.

      MR. POWIS: It's an official document.

      THE COURT: Overruled. Overruled. Court takes

      MEG

WILLIAMS - DIRECT - DEFENSE

21

1  into evidence a Jersey --

2          MR. KARLINER:  May I see it.

3          THE COURT:  Sure.

4          MR. KARLINER:  Is this cross-examination?  How

5  is this going to end?

6          THE COURT:  Show your adversary.  Do you have a

7  New Jersey license?

8          THE WITNESS:  No, I do not.  Does it have the

9  scar on it?

10          THE COURT:  What's your date of birth?

11          THE WITNESS:  July 29, 1968.

12          THE COURT:  All right.  The Court sustains the

13  objection.  Objection sustained.  Any other questions of

14  this witness?

15          MR. POWIS:  No questions.

16          THE COURT:  Any redirect?

17          MR. KARLINER:  Nothing else, Judge.

18          THE COURT:  Step down.  Defendant rests?

19          MR. KARLINER:  Yes.

20          THE COURT:  All right.  People go first.  Go

21  ahead.

22          MR. POWIS:  Your Honor, People rely on the

23  Governor's warrant of the Commonwealth of Pennsylvania

24  and the State of New York.

25          The detective has testified before this Court

MEG

---

PROCEEDINGS

22

1  that, the detective cross-examined testifies that the

2  individual wanted in this case was the individual in the

3  picture.

4          Your Honor had made a determination that the

5  individual in the picture is the individual before the

6  Court.  That the defendant in this case has cleared up any

7  issue of identity whatsoever by taking the stand and

8  saying his name is Kevin Williams.  Kevin Williams is the

9  individual named in both Governor's warrants.

10          The individual before the Court must be

11  extradited and sent to the wanting state of Pennsylvania.

12          THE COURT:  All right.  Counsel?

13          MR. KARLINER:  Judge, there are several

14  different grounds for challenging for which a defendant

15  being held in New York State can challenge extradition.

16          The first is insufficiency of the papers.  This

17  Court has made a legal determination that you are only

18  accepting the first two pages of what the People submitted

19  as People's 1 in evidence.

20          Furthermore, during the cross-examination, this

21  Court precluded me from cross-examining about the other

22  papers to determine their sufficiency on their face.

23          If this Court is not accepting the other pages,

24  and I will, for the record, I guess, I should say exactly

25  how many pages there are.  If this Court is only

MEG

---

PROCEEDINGS

23

1  considering the first of the Governor's requisition from

2  the Commonwealth of Pennsylvania, the second page, the

3  Governor's Office from the Commonwealth of Pennsylvania,

4  if you're only considering those two documents, this Court

5  cannot rule that the papers are sufficient because this

6  Court has failed to consider the application for

7  requisition, page three, the affidavit on page four, the

8  criminal complaint on page five, which has a photograph on

9  it, the second page of the criminal complaint, the

10  affidavit of probable cause, page one and page two, as

11  well as an authorization for Detective Kiss to come get my

12  client.

13          And, finally, the statute of criminal homicide

14  which is attached, so if this Court has chosen to only

15  accept the first two pages and not the final pages, there

16  is no way that I see -- that the defense sees that this

17  Court in any way any how can find that the moving papers

18  are sufficient on their face because you fail to consider

19  them.

20          Secondly, the defense is permitted to contest

21  identification that this is the proper person.  In New

22  York State, we know that photographs are inherently

23  unreliable and that is never certainly allowed as trial

24  evidence  It's never allowed as direct evidence, what is

25  relied or what's not reliable, but what meets a certain

MEG

---

PROCEEDINGS

24

1  test.  I don't believe just a photograph is if a witness

2  has identified the person in the photograph and certainly

3  People's 3 is a New York State Department of Corrections

4  photograph of my client.  We conceded that.  Certainly

5  it's my client, but we have no idea if a witness in

6  Pennsylvania identified that person as being a participant

7  in the crime.

8          We have no idea if there was any photo array,

9  any looking for photographs, if there's anything, because

10  no evidence has been adduced.  We don't even know how he

11  got this photograph.  All we know is that this detective

12  had the name Kirby Stewart.  That's all this Detective

13  had, and we know that he came up with at least two Kirby

14  Stewarts, so I think there is certainly a question of

15  doubt as to whether or not, rather, my client is the

16  proper person named within this complaint.

17          Certainly this Court knows what my client's --

18  or could take judicial notice as to what my client's

19  F.B.I. number is.  It's part of the Court file.  It's

20  taken from his fingerprints.  Fingerprints are something

21  that are accurate and cannot change; however, this

22  detective had two F.B.I. numbers for a person named Kirby

23  Stewart and we have no idea at all did either one of those

24  two photographs, two F.B.I. numbers, match my client's.

25  We don't know.  So there's more doubt as to his identity.

MEG

PROCEEDINGS

Judge, Section 50 of the statute permits the

defense to challenge the fugitive status of my client, of

any defendant that's deemed a fugitive and this Court is

required to make a determination based on the evidence

that my client was present within the jurisdiction at the

time the crime was committed.

And the People have put forth no evidence at

all, none to suggest that to this Court that my client was

in New Jersey in the jurisdiction at the time the crime

was committed because of that and as well as my other

arguments I feel that this Court must not allow Kevin

Williams to be extradited because the People have failed

to show four parameters completely, sufficiently,

credibly, specifically that my client was within the

jurisdiction at the time the crime was committed to this

Court.

THE COURT:  All right.  Let the record indicate

the Court has before it the Governor's requisition papers

and then there are papers -- there's also a photograph of

this defendant.  All it says Kirby Stewart but looking at

the photograph is looking at the defendant it is the

defendant.

The Court has heard all the testimony, is aware

of Statute 570.02 of the Criminal Procedure Law, Uniform

Criminal Extradition Act, the Court determines that the

MEG

---

PROCEEDINGS

extradition documents on their face are in order.

The next question is whether this defendant --

this person before the Court is the person charged with

the crime in the demanding state.

Based on the evidence before the Court, the

photographs, testimony of the witness, the Court

determines that the person before the Court is the person

charged with the crime in the demanding state.

Next, the question that's before the Court is

whether the defendant has been charged with a crime.  Yes,

according to the papers, there is a crime charged.  It's

called, I think, criminal homicide in Pennsylvania.

Next, whether the person before the Court is a

fugitive.  Off the record.

(WHEREUPON, there is an off-the-record

discussion, after which the following proceedings takes

place before the Court as follows:)

THE COURT:  The Governor's Warrant, Governor

Pataki, of the signing state has presumed the evidence

that the person is a fugitive and the Court makes the

determination that the person is a fugitive for all the

aforesaid reasons based on the evidence before the Court.

MR. KARLINER:  Judge, if I may --

THE COURT:  I'm sorry, counsel, yes you wanted

to say something.

MEG

PROCEEDINGS

1    MR. KARLINER: Your Honor, statute defines
2    what a fugitive is and in order to be a fugitive,
3    according to the statute, it has to be shown that the
4    person was within the state that is requesting it, the
5    Commonwealth of Pennsylvania, at the time the crime was
6    committed. That is the definition. The legal definition
7    of a fugitive as defined by the statute --
8         THE COURT: Okay. Have a seat. The Court
9    finds testimony of the defendant not credible as a matter
10   of law; therefore, the Court orders the warrant -- orders
11   the defendant be extradited back to Pennsylvania
12   forthwith.
13        MR. KARLINER: Judge, Judge, just for the
14   purposes -- in case my client does choose to appeal
15   this --
16        THE COURT: And these minutes constitute the
17   decision and order of the Court.
18        MR. KARLINER: -- can I ask the Court how the
19   Court determined what the date of the crime was?
20        THE COURT: Next case, please.
21        MR. KARLINER: Judge, if the Court does not
22   want to give me a ruling on that, certainly my client has
23   to be advised of his right of appeal before he's taken
24   from the courtroom.
25        MR. POWIS: Your Honor --

MEG

---

THE COURT: Just a second, please.

2         MR. KARLINER: Your Honor, at this time I'm
3    requesting that People keep in their possession People's
4    1, 2 and 3.
5         I believe it was a blueback copy of a Governor's
6    warrant stapled Governor's warrant and a photograph. I'm
7    asking that they maintain those three items in their
8    possession.
9         THE COURT: Okay. Authorities are to pick up
10   the defendant right now forthwith.
11        MR. KARLINER: Is he advised of his right of
12   appeal?
13        COURT CLERK: If you want to, I'll advise him
14   of his right of appeal but we don't usually do that in
15   extraditions.
16        MR. KARLINER: Judge, due to the hour, it's now
17   five to four, it's my intention to file an order to show
18   cause and have the Court's decision reviewed.
19        I'm asking that the Court instruct the
20   Department of Corrections to hold my client for 48 hours
21   and the Appellate Division can make that determination
22   before my client is taken to Pennsylvania.
23        THE COURT: That's denied. The Appellate
24   Division is now open. You can go to the Appellate
25   Division and get a stay right now.

MEG

---

PROCEEDINGS                                   29

1         MR. KARLINER: I'd ask him to ask corrections
2    to hold him until five o'clock.
3         THE COURT: Okay. We'll do that until five
4    o'clock.
5         MR. POWIS: Your Honor, for the record,
6    Detective Flemming of the Lancaster Bureau of Police,
7    Detective Goodson and Detective Kiss are here to take the
8    defendant back to the Commonwealth and are ready to do
9    so.
10        MR. KARLINER: The last thing I'd ask, Judge and
11   with the three detectives in the courtroom, I'd ask and
12   instruct them not to speak to my client regarding this or
13   any other matter as he is represented by counsel.
14            *-*-*-*-*-*-*-*-*
15        I hereby certify that the foregoing is a true and
16   accurate copy of the stenographic copy of the hearing held in
17   the above matter.
18            (Or trial as the case may be)
19
20            Maria E. Gordon, R.P.R.
21            Official Court Reporter
22
23
24
25

MEG

# Commonwealth of Pennsylvania



## GOVERNOR'S REQUISITION

### THE GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA,

TO THE GOVERNOR OF THE STATE OF NEW YORK:

WHEREAS, It appears by the annexed copies of Application, Complaint, Affidavit of Probable Cause, Warrant, Identification, which I certify to be authentic and duly authenticated in accordance with the Laws of this Commonwealth, that KIRBY STEWART aka KEVIN WILLIAMS, KING stands charged with the crime(s) of Criminal Homicide, which I certify to be (a) crime(s) under the Laws of this Commonwealth, committed in the County of Lancaster, in this Commonwealth, and it having been represented to me that the subject has fled from the justice of this Commonwealth, and has taken refuge in the State of New York.

NOW THEREFORE, pursuant to the provisions of the Constitution and the Laws of the United States in such case made and provided, I do hereby require that the said KIRBY STEWART aka KEVIN WILLIAMS, KING be apprehended and delivered to Sheriff Philip Bomberger, III or deputies who are hereby authorized to receive and convey the subject to the Commonwealth of Pennsylvania, there to be dealt with according to Law.

Given under my hand and the Great Seal of the State, at the City of Harrisburg, this ___5th___ day of ___May___ in the year of our Lord one thousand nine hundred and ninety-nine.

Governor of Pennsylvania

By the Governor:

Secretary of the Commonwealth

DSBC-90
8/95

# APPLICATION FOR REQUISITION

TO THE HONORABLE ___THOMAS RIDGE___, Governor of the Commonwealth of Pennsylvania

THE PETITION OF ___JOSEPH C. MADENSPACHER___, District Attorney of ___LANCASTER___ County, Commonwealth of Pennsylvania, respectfully represents:

I. That the full name, properly spelled, of the person for whom extradition is asked is *(include all aliases)*

___KIRBY STEWART  aka  KEVIN WILLIAMS___      NY# 5410450R

II. That your petitioner verily believes said person is now in ___REIKERS ISLAND  1515 HAZEN STREET___

___EAST ELMHURST___, State of ___NEW YORK___, which belief is founded on information from ___

___NANCY JIMENEZ, SENIOR EXTRADITION SPECIALIST___
___KINGS COUNTY DISTRICT ATTORNEY OFFICE, BROOKLYN, N.Y. 1-718-250-2453___

III. *(Complete either Paragraph III or Paragraph IV).*

   (A)  That said person stands charged as appears by annexed <u>certified</u> copy of (check appropriate line (s) and supply the necessary information).

     X  Complaint

     X  Affidavit of Probable Cause

     X  Warrant

     ___  Criminal Information

     ___  Indictment

with the crime(s) of ___CRIMINAL HOMICIDE___

___ committed in the County of ___LANCASTER___, Commonwealth of Pennsylvania, on or about the ___18___ day of ___JANUARY___, 19 ___99___;

   (B)  *(Check appropriate paragraph and delete paragraph which does <u>not</u> apply)*

     ___ That said person was in the said county and Commonwealth at the time of the commission of said offense, and fled the jurisdiction of the Commonwealth before arrest could be made or before trial could be held and is a fugitive from the justice of this Commonwealth;      or ___ which intentionally resulted in

     ___ That said person committed (an) act(s) in the State of ___ under Section 9127 of the Uniform Criminal Extradition Act of June 17, 1978 (a) crime(s) in this Commonwealth 42 Pa C.S.A.;

   (C)  That the said person is now desired in order that he/she  may be tried for the commission of the said crime;

   (D)  That there is sufficient evidence that can and will be produced at his/her trial to justify said person's conviction;

   (E)  That any delay which may have occurred in the prosecution of said offense or in the application for requisition was unavoidable for the following reason(s): ___DEFENDANT FLED JURISDICTION___;

... the ends of public justice require that the said person be brought to this Commonw

COMMONWEALTH OF PENNSYLVANIA,

COUNTY OF LANCASTER                    ss:

I, Danette K. Burkholder, Chief Deputy Clerk of The
Court of Common Pleas for the County of Lancaster DO
CERTIFY that the foregoing is a true copy of the
Criminal Complaint, Affidavit of Probable Cause & Warrant in the case wherein the
COMMONWEALTH OF PENNSYLVANIA is Plaintiff and

Kirby Stewart AKA Kevin Williams                  is Defendant;

(SEAL)     of Complaint Number    CR-70                    , 1999
as full, entire and complete as the same remains on
file in the Court of Common Pleas for the County of
Lancaster, in the case there stated IN TESTIMONY WHEREOF,
I have hereunto set my hand and affixed the seal of the
said Court this ninth       day of    April               ,
in the year of our Lord one thousand nine hundred and
ninety-nine                  .

_Danette K Burkholder_
Clerk of The Court  Ch Dep.

COUNTY OF LANCASTER                    ss:

I,  D. Richard Eckman              President Judge
of the Court of Common Pleas for the County of Lancaster,
DO CERTIFY that the foregoing Record and Attestation,
made by Danette K Burkholder, Chief Deputy , Clerk of the said
Court, whose name is thereto subscribed and seal of of-
fice affixed, are in due form, and made by the proper
officer.  IN TESTIMONY WHEREOF, I have hereunto set my
(SEAL)     hand this   ninth       day of    April               , in
the year of our Lord one thousand nine hundred and
ninety-nine                  .

_D. Richard Eckman_
President Judge

COUNTY OF LANCASTER                    ss:

I, Danette K. Burkholder, Chief Deputy    Clerk of The
Court of Common Pleas for the County of Lancaster DO
CERTIFY that the Honorable  D. Richard Eckman
by whom the foregoing Attestation was made, and whose
name is thereto subscribed, was at the time of making
thereof, and still is, a Judge of the Court of Common
Pleas for the County of Lancaster duly commissioned and
sworn; to all whose acts, as such, full faith and credit
(SEAL)     are and out to be given as well in Courts of Judicature
as elsewhere.  IN TESTIMONY WHEREOF, I have hereunto
set my hand and affixed the seal of the said Court, this
ninth       day of    April               , in the year of
our Lord one thousand nine hundred and  ninety-nine       .

_Danette K Burkholder_
Clerk of The Court  Ch. Dep.



**CRIMINAL COMPLAINT**

| | |
|---|---|
| Defendant's Name: | Kirby Stewart B/M/29 |
| Docket Number: | |

## AFFIDAVIT OF PROBABLE CAUSE

1.) That during the week of 1/7/99 during the day the victim Kirkland Hardy & another person went to 307 E. King St. #1, Lancaster, Pa. That this apartment was occupied by Regina Butler, & that Butler had a number of house guests. That these guests were only known to her by nicknames which were as follows; King (Kirby Stewart) Dice (Mike Seaberry), Nitty (Darryl Coleman), Q (Kawame Coe), T (Alexander Paul), Light (Juvenile), Smoke (Juvenile). That these persons would store drugs, guns, & counterfeit money at Butlers house.

2.) That during this week of 1/7/99 during the day, the victim Kirkland Hardy & another person broke into this apartment & took a quantity of counterfeit money, crack cocaine and two guns, a 25 cal. & a 9mm. That as a result of this theft, Q, Dice and T began to look for the victim in retaliation for the theft. That in particular, Dice & Q & the actor went to known addresses of the victim looking for him, telling mutual friends of the victim that they were going to kill him or "get him" for what he did. That Dice & Q went to at least three known addresses of the victim. That the actor was along and went to at least one of these addresses with the other two..

3.) That Dice had purchased a red Chev. Blazer, & had the windows tinted dark black. That Dice would drive this vehicle as he looked for the victim, &, that Dice was the sole driver of tis vehicle. That Dice purchased this vehicle from a witness in this case. That the registration of this vehicle is PA. BRZ-2245.

4.) That on 1/20/99 Det. Kis spoke with an individual who has been identified to me by both name & address & who has agreed to testify in any Court proceeding concerning the information that this individual has provided to me & which will be related in this Affidavit. I believe this witness to be truthful because the witness voluntarily provided this information & agreed to testify. The witness told me that he spoke to the two of the actors in this case (Coe, & Seaberry), that they drove next to the victim in the 500 block of W. Orange St. Lancaster, Pa. on 1/18/99 in the evening. That Seaberry was the driver & Coe was the passenger.

5.) That Seaberry had a 9mm weapon & Coe had a 38 cal. weapon. That they drove up to the victim & briefly spoke to him & then opened fire on him, with these guns. That Seaberry & Coe shot numerous times, to include shooting the victim in the head dropping him to the ground. That he eventually died as a result of these gunshots.

6.) That the day after the murder (1/19/99) Seaberry telephoned the ex-owner of the Blazer, & told him to report this vehicle as stolen to the police. That Det. Kiss also spoke to another witness on 1/26/99 who has been identified to me by both

I Certify this is a true and correct copy of the original *affidavit* filed in this office.

*Vickie S. Longard*
District Justice

Commission Exp. 1st Mon. Jan. _2000_

I, _DETECTIVE THOMAS A. KISS_, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_Det. Thomas A. Kiss_
(Signature of Affiant)

Sworn to me and subscribed before me this _18_ day of _Feb_, 19 _99_

_2/18/99_ Date _Sandra L. Helga Trup_, District Justice

My commission expires first Monday of January, _2001_

SEAL

3 - 3

**CRIMINAL COMPLAINT**

| Defendant's Name: | Kirby Stewart B/M/29 |
| Docket Number: | |

## AFFIDAVIT OF PROBABLE CAUSE

6 continued) name & address & who has agreed to testify in any Court proceeding concerning this information that this individual has provided to me & which will be related in this Affidavit. I believe this witness to be truthful because the witness voluntarily provided this information & agreed to testify. This witness told me that they spoke to other witnesses who told them that Seaberry made up a story to tell anyone that would ask about the shooting.

7.) That within a couple of hours of this shooting, a red Blazer (Chev.) was recovered in the area of First & Coral St. Lancaster, Pa. That this vehicle was positively identified as the vehicle used in the shooting of the victim.

8.) That on 2/17/99 Det. Kiss spoke to another witness who has been identified to me by both name & address & who has agreed to testify in any Court proceeding concerning information that this individual has provided to me & which will be related to in this Affidavit. I believe this witness to be truthful because the witness voluntarily provided this information & agreed to testify. This witness told Det. Kiss that he has first hand knowledge of conversation between the actor, & Seaberry, when the actor told Seaberry to kill the victim Kirkland Hardy for stealing their guns, drugs and counterfeit money. Also that this witness has first hand knowledge of conversation between the actor and Seaberry, after the homicide, of Seaberry telling the actor that the murder was carried out.

I, _DETECTIVE Thomas A. Kiss_ , BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_(Signature of Affiant)_

Sworn to me and subscribed before me this _18_ day of _Feb_ , 19 _99_ .

_2/18/99_ Date _____ , District Justice

SEAL

My commission expires first Monday of January, _2000_ .

3 - 3



## CHAPTER 25

## CRIMINAL HOMICIDE

Section
2501.  Criminal homicide.
2502.  Murder.
2503.  Voluntary manslaughter.
2504.  Involuntary manslaughter.
2505.  Causing or aiding suicide.
2506.  Drug delivery resulting in death.

## § 2501.  Criminal homicide

(a) Offense defined.—A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being.

(b) Classification.—Criminal homicide shall be classified as murder, voluntary manslaughter, or involuntary manslaughter.

1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973.

## § 2502.  Murder

(a) Murder of the first degree.—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

(b) Murder of the second degree.—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

(c) Murder of the third degree.—All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

(d) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

"Fireman." Includes any employee or member of a municipal fire department or volunteer fire company.

"Hijacking." Any unlawful or unauthorized seizure or exercise of control, by force or violence or threat of force or violence.

"Intentional killing." Killing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing.

"Perpetration of a felony." The act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping.

"Principal." A person who is the actor or perpetrator of the crime.

1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 1973. Amended 1974, March 26, P.L. 213, No. 46, § imd. effective; 1978, April 28, P.L. 84, No. 39, § effective in 60 days.

## § 2503.  Voluntary manslaughter

(a) General rule.—A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he acting under a sudden and intense passion resulting from serious provocation by:

(1) the individual killed; or

(2) another whom the actor endeavors to kill but he negligently or accidentally causes the death of the individual killed.

(b) Unreasonable belief killing justifiable. person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances be such that, if they existed, would justify the killing under Chapter 5 of this title, but his belief unreasonable.

(c) Grading.—Voluntary manslaughter is a felony of the first degree.

1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 1973. Amended 1995, Nov. 17, P.L. 1144, No. 36 (Sp Sess. No. 1), § 1, effective in 60 days.

## § 2504.  Involuntary manslaughter

(a) General rule.—A person is guilty of involuntary manslaughter when as a direct result of doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act reckless or grossly negligent manner, he causes death of another person.

(b) Grading.—Involuntary manslaughter i misdemeanor of the first degree. Where the victim is under 12 years of age and is in the care, custody or control of the person who caused the death, involuntary manslaughter is a felony of the second degree.

1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 1973; Amended 1995, July 6, P.L. 251, No. 31, effective in 60 days.

90

50¢

JAN 5 2000

000000547

# COMMONWEALTH OF PENNSYLVANIA

## CONSTITUTIONAL OATH OF OFFICE

COMMONWEALTH OF PENNSYLVANIA )

)  SS:

County of _____Lancaster_____ )

    I do solemnly swear (or affirm) that I will support, obey and defend the constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity.

_Josh C. Madenspacher_
**SIGNATURE OF OFFICER**

Joseph C. Madenspacher
**NAME OF OFFICER**

Judge – Court of Common Pleas
**OFFICER TITLE**

Taken, sworn and subscribed before me this 3RD day of JANUARY A.D. 2000 .

_Michael A. Georgelis_
Signature of Person Administering Oath

(Seal)

****************************************

NOTE: The foregoing oath shall be administered by some person authorized to administer oaths.

The oaths of STATE OFFICERS, JUSTICES OF THE SUPREME COURT and JUDGES OF THE SUPERIOR AND COMMONWEALTH COURTS shall be filed in the office of the Secretary of the Commonwealth.

The oaths of other judicial and county officers shall be filed with the Prothonotary of the county in which the oath is taken.

DSCB-70

6503    0006

# COMMONWEALTH OF PENNSYLVANIA

## CONSTITUTIONAL OATH OF OFFICE

COMMONWEALTH OF PENNSYLVANIA )

                         ) SS: *TB51 - 83A*

County of   Lancaster            )

        I do solemnly swear (or affirm) that I will support, obey and defend the constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity.

_____
SIGNATURE OF OFFICER

  Lawrence F. Stengel
NAME OF OFFICER

  Judge
OFFICER TITLE

Taken, sworn and subscribed before me this  4th  day of  January  A.D. 20 02     .

                                _____ , P.J.
                             Signature of Person Administering Oath

(Seal)

***************************************************

NOTE: The foregoing oath shall be administered by some person authorized to administer oaths.

The oaths of STATE OFFICERS, JUSTICES OF THE SUPREME COURT and JUDGES OF THE SUPERIOR AND COMMONWEALTH COURTS shall be filed in the office of the Secretary of the Commonwealth.

The oaths of other judicial and county officers shall be filed with the Prothonotary of the county in which the oath is taken.

DSCB-70

# COMMONWEALTH OF PENNSYLVANIA



## CONSTITUTIONAL OATH OF OFFICE

COMMONWEALTH OF PENNSYLVANIA )

) .SS:

County of Lancaster )

   I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity.

*Donald R. Totaro*
SIGNATURE OF OFFICER

   Donald R. Totaro
NAME OF OFFICER

   Judge of the Court of Common Pleas
OFFICER TITLE

Taken, sworn and subscribed before me this 4th day of  January    A.D. 20 08    .

Signature of Person Administering Oath

(Seal)

**********************************************

NOTE: The foregoing oath shall be administered by some person authorized to administer oaths.

The oaths of STATE OFFICERS, JUSTICES OF THE SUPREME COURT and JUDGES OF THE SUPERIOR AND COMMONWEALTH COURTS shall be filed in the office of the Secretary of the Commonwealth.

The oaths of other judicial and county officers shall be filed with the Prothonotary of the county in which the oath is taken.

DSCB-70

## COMMONWEALTH OF PENNSYLVANIA
### OFFICE OF OPEN RECORDS

Kevin Williams                                :           Appeal No. AP 2014-0854

       v.                                     :

Lancaster County, Pennsylvania            :

### <u>AFFIDAVIT OF DANETTE BURKHOLDER</u>

I, Danette Burkholder, of full age, being duly sworn according to law, hereby depose and

state as follows:

1.      I am the Chief Deputy Clerk of Courts for Lancaster County, Pennsylvania.

2.      The Lancaster County Clerk of Courts Office is responsible for maintaining the

criminal filings for the Court of Common Pleas of the County of Lancaster.

3.      In my capacity as Chief Deputy Clerk of Courts, I am responsible for providing

responsive criminal docket documents pursuant to Right to Know Requests as directed by the

Lancaster County Office of Open Records.

4.      On May 19, 2014, I was made aware of a request made by Kevin Williams,

requesting a document titled "Notice of Aggravating Circumstances" related to Lancaster County

Docket Number 4395-1999.

5.      On May 19, 2014, the Lancaster County Office of Open Records requested that

the respective criminal filings associated with Lancaster County Docket Number 4395-1999 be

searched for said document.

6.      In response, I searched the files related to Lancaster County Docket Number

4395-1999 maintained by the Lancaster County Clerk of Courts Office and found that no such

record exists.

7.    On May 20, 2014, I confirmed with the Lancaster County Office of Open Records that after said search, no such record was found.

8.    The County of Lancaster does not have a responsive record to Appellant's request.

9.    The County is not required to create a record which currently does not exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize.

10.    I represent that the information contained in the foregoing Affidavit is true and accurate as related to the best of my information, knowledge and belief.

Dated: _6/4/14_                    _Danette Burkholder_
                                   Danette Burkholder
                                   Deputy Clerk of Courts
                                   Lancaster County, Pennsylvania

Sworn to and subscribed before
me this 4th day of June, 2014

Notary Public
My commission expires:

_Frances M. More_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
FRANCES M. MORE
Notary Public
CITY OF LANCASTER, LANCASTER CNTY
My Commission Expires Apr 2, 2018

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF OPEN RECORDS

Kevin Williams                    :
                                  :        Appeal No. AP 2014-0972
        v.                        :
                                  :
Lancaster County, Pennsylvania    :

## AFFIDAVIT OF LORI C. GROFF

I, Lori C. Groff, of full age, being duly sworn according to law, hereby depose and state as follows:

1.      I am the Chief Deputy Prothonotary for the Prothonotary's Office for Lancaster County, Pennsylvania.

2.      The Lancaster County Prothonotary's Office is responsible for maintaining the civil filings as well as other miscellaneous filings, including Oaths of Offices, for the County of Lancaster.

3.      In my capacity as Chief Deputy Prothonotary, I am responsible for providing responsive civil and other miscellaneous record documents maintained in the Prothonotary's Office pursuant to Right to Know Requests as directed by the Lancaster County Office of Open Records.

4.      On June 5, 2014, I was made aware of a request made by Kevin Williams, requesting "Oaths of Office for Judge Lawrence F. Stengel and ADA Christopher Hackman during the years 1999-2000."

5.      On June 5, 2014, the Lancaster County Office of Open Records requested that the respective civil filings be searched for said documents.

6.      In response, I searched the files currently physically located and maintained in the Lancaster County Prothonotary's Office and found that no such records exist.

7.    On June 5, 2014, I confirmed with the Lancaster County Office of Open Records that after said search, no such records were found and that the records being sought may have been archived and currently maintained by the Lancaster County Archives Division.

8.    The County of Lancaster Prothonotary's Office does not have in its office the responsive records to Appellant's request.

9.    The County is not required to create a record which currently does not exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize.

10.    I represent that the information contained in the foregoing Affidavit is true and accurate as related to the best of my information, knowledge and belief.

Dated: _____7\1\14_____                        _____
                                                                  Lori C. Groff
                                                                  Chief Deputy Prothonotary
                                                                  Lancaster County, Pennsylvania


Sworn to and subscribed before
me this ___1st___ day of ___July___, 2014

_____
Notary Public
My commission expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARILYN W SACHS, Notary Public
City of Lancaster, Lancaster County
My Commission Expires August 8, 2017

From:Mr. Kevin Williams,
aka-Kirby Stewart. No#.EF-1167
c/o.SCI-Forest, P.O.Box 945
Marienville, Pa 16239

Re:**Governor's Pardon,**

To:Governor Tom Wolf                    November 10, 2016
508 Main Capital Building
Harrisburg, Pa 17120

Dear Sir;
    I'm writing to you because I'm currently incarcerated within the State of Pennsylvania. For a crime that I did not commit, I was tied to this case through circumstantial evidence/guilty by asso-ciation. I was extradited from the State of New York, on a fraudulent fugitive warrant/governor's warrant. The Lancaster Co. Police Detective Thomas A. Kiss, told District Attorney Joseph C. Madenspacher, that the crime happened and I was not present. When the crime happened.

    Sir, D.A. Madenspacher, went to magistrate and/or district judge, and sworn under the **oath** of the Commonwealth that I committed this crime and fled. And D.A. Madenspacher, furthered this fabrication by going to then Governor Thomas J. Ridge, telling him or someone in his office,   under **oath** again "that I was the person who committed this crime and fled the jurisdiction of the Commonwealth to avoid being arrested. In the above process the Commonwealth violated the Uniform Criminal Extradition Act, 42 Pa. C.S.A. §9123, 9127.,

    The governor's warrant was deficient because the application for **Requisition** contained in-accurate information. The warrant was in herently flawed because the requisition papers incorrectly stated that "I was physically present in Pennsylvania when the alleged offence was committed, and that I fled to the State of New York." As a result, the arrest, extradition, and trial, should have never took place. Because the facts of the governor's warrant is misleading, the information forced the then Governor Thomas J. Ridge, to believe that he had an obligation to file a properly-worded application for requisition.

    The application incorrectly provided that "I was a fugitive from the justice of Pennsylvania and has taken refuge in the State of New York." See-Application for Requisiton 5/5/1999. Also,  I also like for you to view Commonwealth v. Kevin Livengood, 901 A.2d 556 (Pa. Super. 2006). And I'm enclosing exhibits for your viewing, See-governor's requisition, also-the notes of testimony from the Supreme Court, in Brooklyn, New York; also-the judge, d.a., and a.d.a, had no **oath's of office** at the time period of my case. Also-bill of information, DC-300B, and I was found guilty of a charge that was never mentioned in this case.

    Sir, the reasons I'm writing to you is because I've wrote to President Bill Clinton, Gorge W. Bush, Barack H. Obama; all of those people told me to write to you, so I'm writing to you asking for a **Governor's Pardon,** I'm not from the State of Pennsylvania, and if it takes me to leave the State of Pennsylvania, to get a Governor's Pardon. Then so be it; please feel free to contact me at your earliest convenience. Thanking you in advance for your kind assistance in this matter.

Sincerely Yours,

CC:

From:Mr. Kevin Williams,
aka-Kirby Stewart. No#.EF-1167
c/o.SCI-Forest, P.O.Box 945
Marienville, Pa 16239

July 13, 2017

Re:Fraudulent Extradition.

To:Gov. Andrew Como
Governor's Office State of New York
Executive Chamber
Albany, NY 12224

Dear Sir;

    I'm writing to you to ask some very serious questions, I ask that you
observe "documents" that I am providing that said people was not officials of
the court. At the time of their request for extradition; which the authority
was not delegated for them to request extradition. And that you write "all" of
the people in question them about the extradition under their authority; and
that they provide me with a copy of all response; so that you can determine
whether my extradition was lawful under their authority as officials of the
Commonwealth of Pennsylvania. And if not; I ask that you either "revoke" the
approval of extradition or inform me as to what I can do and/or whom I can
bring this matter to his/her attention. My information in court; (Kevin
Williams. Indictment No.99k019533) the (Hon. Martin Schneier) ruled on the
extradition. In the (Kings County, Supreme Court) 360 Adams Street. Brooklyn,
NY 11201; if you look carefully at all of the paperwork that I am providing to
you, you'll see what the Commonwealth State of Pennsylvania, did to me was
illegal. I sending you a copy of letters that I've received from your office,
a copy of Madenspacher, Stengel, Totaro, and A.D.A. Hackman, is a judge right
now and still does not have an "oath of office," also a letter I wrote to
Judge Schneier, he never wrote me back. Please feel free to contact me at your
earliest convenience. Thanking you in advance for your kind assistance in this
matter.

CC:

Sincerely Yours,

From:Mr. Kevin Williams,
aka-Kirby Stewart. No#.EF-1167
c/o.SCI-Forest, P.O.Box 945
Marienville, Pa 16239

May 22nd, 2017

Re:Extradition Fraud,

To:Hon. Martin Schneier. Judge,
360 Adams Street
Brooklyn, NY 11201

Dear Sir;
    I'm writing to you, just as I sent you a certified copy of my petition
to the Third Circuit Court of Appeals. As it stands, the 3rd·Cir Ct of Appeals
**denied**, my petition; it was a 3-panel of judge(s), their denial was based off
off of me not making a prima facie showing that my claims relied on "a new
rule of constitutional law, made retroactive to cases on collateral review by
the Supreme Ct, that was previously unavailable." 28 U.S.C.§2244(b)(2)(A). In
particular, **Alleyne v. United States,** 133 S.ct. 2151 (2013), does not apply re
troactively on collateral review, see **United States v. Reyes,** 755 F.3d 210,212
(3rd Cir.), cert. denied 135 S.ct. 695 (2014); **United States v. Winkelman,** 746
f.3d 134, 136 (3rd. Cir. 2014).

    As you can see that I've appealed this false/circumstantial evidence, con-
viction to so many courts that I've literally lost count. In all of the courts
I've been denied at every level; to be frank I'm tired. I've lost my 13- years
of marriage when I became a widower during trial,my kids are estranged from me
I've lost "everything" so I'm prepared to die in my quest to live life at lib-
erty... Sir, I hope that you've come to realize that your decision to turn me
over to these barbaric people who change the law every time it does not fit
their agenda's. The state court's are not going to do anything to rectify this
"miscarriage of justice." Being that you were Duped into complicity by these
people to help Kidnap me. So I need your help, by affidavit or declaration, as
to what was told to you and its delivery to you on how "I allegedly killed som
eone in the State of Pennsylvania, and allegedly fled back to New York State".
This is a real nightmare!!! I have a natural life sentence for a crime I did
not commit, only in America...

    I'm preparing to file a "Petition for Review" to the United States Senate
because they're the people who make these laws. I'm so tired of dealing with
people who intrepret the law without integrity or ethics;so are you willing to
help me, Right this wrong?,if you're willing to help me file a petition in the
Southern District of New York's District Ct, lodging a civil and/or criminal
case against the State of Pennsylvania. Because such an action would compel
the State of Pennsylvania to "answer/respond" to the complaint against them.
Please feel free to contact me at your earliest convenience. Thanking you in
advance for your kind assistance in this matter.

CC:Samuel Karliner. Esq.,
  26 Court Street. 16th. Fl
  Brooklyn, NY 11242

                       Sincerely Yours,

                       Kevin Williams



STATE OF NEW YORK
EXECUTIVE CHAMBER
ALBANY 12224

June 17, 2011

Mr. Kevin Williams
aka Kirby Stewart, #355-034
Muskegon Correctional Facility
2400 South Sheridan Drive
Muskegon, Michigan 49442-6298

Dear Mr. Williams:

The Executive Chamber acknowledges receipt of your FOIL request dated March 9, 2011, seeking:

"Fugitive warrant signed by Governor Pataki."

We are performing a diligent search for the records you request. We will notify you of our progress within 20 business days.

If any documents are located that respond to your request, you will be charged $.25 per page. If the response to your request will be provided in another media, we will notify you of any charges.

Very truly yours,

Amy C. Karp

Amy C. Karp
Assistant Counsel to the Governor
Records Access Officer

*Rec o August 1, 2011*



STATE OF NEW YORK
EXECUTIVE CHAMBER
ALBANY 12224

July 18, 2011

Mr. Kevin Williams
aka Kirby Stewart, #355-034
Muskegon Correctional Facility
2400 South Sheridan Drive
Muskegon, Michigan 49442-6298

Dear Mr. Williams:

This letter responds to your correspondence dated March 9, 2011, which, pursuant to FOIL, requested:

"Fugitive warrant signed by Governor Pataki."

Please be advised that the New York State Executive Chamber has conducted a diligent search and does not possess records that respond to your request.

Pursuant to Public Officers Law § 89(4), you have thirty (30) days to take a written appeal of this determination. You may make an appeal by writing: FOIL Appeals Officer, Executive Chamber, State of New York, Albany, NY, 12224.

Very truly yours,

*Amy C. Karp*

Amy C. Karp
Assistant Counsel to the Governor
Records Access Officer



## Integrated Offender Case Management System

8/1/2017 7:44:24 AM

## Monthly Account Statement

**From Date:** 07/01/2017     **To Date:** 07/31/2017

| Housing | Case ID | Offender Name | Location |
|---|---|---|---|
| G-B-2037-01 | EF1167 | STEWART,KIRBY | Forest |

| Batch# | Txn Date | Txn Description | Txn Amount($) | Balance After Transaction($) |
|---|---|---|---|---|
| FRS-041136 | 07/03/2017 | 32 - Commissary (FRS COMMISSARY FOR 07/03/2017) | -35.31 | 33.57 |
| FRS-041138 | 07/03/2017 | 37 - Postage  (First Class Mail) | -2.80 | 30.77 |
| FRS-041146 | 07/05/2017 | 13 - Personal Gifts (STOKES          , RACQUEL) | +60.00 | 90.77 |
| FRS-041146 | 07/05/2017 | 39 - Federal Filing Fees  (1-15-cv-00975) | -12.00 | 78.77 |
| FRS-041175 | 07/06/2017 | 46 - ACT 100 Interstate Fees (PA) | -25.00 | 53.77 |
| FRS-041219 | 07/10/2017 | 32 - Commissary (FRS COMMISSARY FOR 07/10/2017) | -34.22 | 19.55 |
| FRS-041258 | 07/13/2017 | 10 - Maintenance Payroll (GRP 2 - 7th -6th) | +20.16 | 39.71 |
| FRS-041258 | 07/13/2017 | 39 - Federal Filing Fees  (1-15-cv-00975) | -4.03 | 35.68 |
| FRS-041290 | 07/14/2017 | 37 - Postage  (Postage) | -0.21 | 35.47 |
| FRS-041313 | 07/17/2017 | 32 - Commissary (FRS COMMISSARY FOR 07/17/2017) | -0.84 | 34.63 |
| FRS-041386 | 07/23/2017 | 13 - Personal Gifts (STOKES          , RACQUEL) | +70.00 | 104.63 |
| FRS-041386 | 07/23/2017 | 39 - Federal Filing Fees  (1-15-cv-00975) | -14.00 | 90.63 |
| FRS-041406 | 07/24/2017 | 32 - Commissary (FRS COMMISSARY FOR 07/24/2017) | -34.08 | 56.55 |
| FRS-041479 | 07/27/2017 | 34 - Cable | -17.00 | 39.55 |
| FRS-041513 | 07/31/2017 | 32 - Commissary (FRS COMMISSARY FOR 07/31/2017) | -37.98 | 1.57 |

**Current, Escrow, & Available Balances are as of 8/1/2017 7:44:24 AM**

| | |
|---|---|
| Current Balance | 1.57 |
| Escrow Balance | 0.00 |
| Available Balance | 1.57 |